IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY

| | |
|---|---|
| JOHN ZIMMERLI | ) |
| And | ) |
| MATTHEW DIETRICK, | ) |
| On behalf of themselves and all other persons similarly situated, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 4:17-cv-0370 FJG |
| CITY OF KANSAS CITY, MISSOURI | ) |
| Defendant. | ) |
| Service Instructions: | ) |

**AMENDED COMPLAINT**
*Collective Action Claims*

**COME NOW,** the Plaintiffs, John Zimmerli and Matthew Dietrick, on behalf of themselves, and all others similarly situated, by and through counsel, and hereby set forth their representative action for violation of the Fair Labor Standards Act under §216(b) as follows:

**PRELIMINARY STATEMENT**

1. In 2011, Marissa Hermsen initiated a lawsuit on behalf of herself and other similarly situated EMTs and Paramedics for the recovery of unpaid overtime compensation. The plaintiff alleged that the City of Kansas City, more specifically the Kansas City Fire Department, had unlawfully classified certain EMTs and Paramedics as exempt firefighters when in actuality they had no responsibility to engage in fire

suppression. The case was styled *Marissa Hermsen, et. al. v The City of Kansas City,* Case No. 4:11-cv-753.

2. Over the course of three years of litigation, the United States District Court for the Western District of Missouri ultimately determined, as a matter of law, that static KCFD EMTs and Paramedics were not exempt from the right to receive overtime compensation.

3. Since then, despite the Federal Court's mandate, static EMTs and Paramedics have not seen an increase in pay when working their regularly scheduled overtime shifts.

STATIC SINGLE-JOB EMTS AND PARAMEDICS

4. Despite this Court's ruling, and since that time, Plaintiff Zimmerli and other similarly-situated plaintiffs have not received overtime compensation on an ongoing basis. Rather, after the District Court's ruling, the City of Kansas City unlawfully re-calculated Plaintiff Zimmerli and the other static single-Job EMTs and paramedics' monthly pay rates to circumvent the Court's order requiring KCFD to pay overtime.

5. Plaintiffs have not seen a prospective increase in pay when they work their regularly scheduled overtime since the *Hermsen* litigation, and yet continue to regularly work more than 40 hours in a workweek.

6. The City of Kansas City employs EMTs and Paramedics who work two different kinds of shifts – static and dynamic.

7. Dynamic shifts only require EMTs and Paramedics to work 40 hours per week, and are paid on a monthly pay scale that ranges from $3,073 to $5,318 per month. Dynamic EMTs and Paramedics receive overtime compensation in addition to their monthly rate if they work in excess of 40 hours per week.

8. Static shifts, on the other hand, require EMTs and Paramedics to work alternating workweeks of either 48 or 72 hours in a seven-day period. Yet Static EMTs and Paramedics receive the same monthly pay as Dynamic EMTs and Paramedics, despite working, in some weeks, 32 hours of overtime.

DUEL JOB EMTS/PARAMEDICS ("FIRE MEDICS")

9. The City of Kansas City has since begun transitioning from single-purpose EMTs and Paramedics (i.e. employees who are not classified as firefighters and have not gone through the Fire Academy), to dual purpose EMTs and Paramedics (i.e. employees who have the training to work both as firefighters and as paramedics). However, until a new-hire completes his or her training through the KC Fire Academy ("KCFA"), he or she is exclusively placed on Ambulances and does not have the responsibility to engage in fire suppression. Nonetheless, KCFD misclassified trainees as exempt pursuant to 7(k).

10. Moreover, even after KCFA, the Defendant has been primarily scheduling its dual Job Paramedics ("Fire Medics") as ambulatory shifts, either by placement or by special detail.

11. When placed on an ambulance (which is nearly exclusively), these Dual Job EMTs and Paramedics have no fire suppression equipment, and are not expected to, or called upon to engage in fire suppression. Yet the Defendant maintains that these employees are fire suppression personnel within the meaning of the FLSA, from the date of hire through their entire employment with the KCFD. Because the primary duty of the Fire Medics is as a Paramedic or EMT and not as a firefighter, these individuals are misclassified and should be entitled to overtime.

12. Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Defendant, City of Kansas City, Missouri (hereinafter "KCMO," or "Defendant"), for unpaid straight time and overtime compensation, and related penalties and damages. It is Defendant's practice and policy to willfully fail and refuse to properly pay all straight time and overtime compensation due and owing to Plaintiffs, and all other similarly situated employees, and doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

13. Defendant's pay practices and policies are in direct violation of the FLSA, and therefore Plaintiffs, on behalf of themselves and all others similarly situated, seeks declaratory relief; unpaid straight time compensation; overtime premiums for all overtime work required, suffered, or permitted by Defendant; compensation for wages wrongfully withheld or deducted; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

14. Plaintiff Zimmerli is employed as a static single Job Emergency Medical Technician and/or Paramedic for the Defendant, and works or worked at Defendant's places of business.

15. Plaintiff Dietrick is employed as a Fire Medic for the Defendant, and works or worked at Defendant's places of business.

16. The Putative Plaintiffs/Class Members are those employees, and former employees, of Defendant employed in the capacity of: (1)Single Job Static Emergency Medical Technicians ("EMTs") and/or Paramedics; and/or (2) Fire Medics, and who were

4

suffered or permitted to work by Defendant while not being paid straight time and overtime compensation for all hours worked.

17. Defendant is a city of the first class and governmental entity of the State of Missouri. The Kansas City, Missouri Fire Department is a Department of the City.

18. At all relevant times, Defendant was the employer of Plaintiffs, and all other similarly situated employees, and is thus liable to Plaintiffs, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## JURISDICTION AND VENUE

19. This Court has jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and has substantial business contacts in the this district, and the causes of action set forth herein have arisen, in part, and occurred, in part, in Jackson County, Missouri, located in the this District.

## GENERAL COLLECTIVE ACTION ALLEGATIONS

21. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiffs are similar to the claims of the Putative Plaintiffs/Class Members.

22. The Putative Plaintiffs/Class Members are those current and former employees of Defendant employed in the capacity of: (1) Single Job Static Emergency Medical Technician ("EMT") and/or Paramedic, and/or (2) Fire Medics, and who were suffered or

5

Case 4:17-cv-00370-BP   Document 3   Filed 05/12/17   Page 5 of 15

permitted to work by Defendant while not being paid straight time and overtime compensation for all hours worked.

23. At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate class members properly for all hours worked and overtime compensation for all hours worked in excess of forty hours per week.

24. The Plaintiffs and all Putative Plaintiffs/Class Members were subject to Defendant's policies and practices of failing and refusing to properly compensate employees their regular or statutorily required rate of pay for all hours worked.

25. Each Putative Plaintiff /Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to compensate employees for their regular or statutorily required proper rate of pay for all hours worked.

26. Collective action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

27. Plaintiffs, on behalf of themselves and all others similarly situated, set forth additional collective action allegations in the various counts set forth herein.

## COUNT I
### Fair Labor Standards Act – Scheme to Avoid Paying Overtime
### (Plaintiff Zimmerli and the Single Job Static EMTs/Paramedics)

28. As far as the factual allegations set forth above are applicable to the claims made in Count I, Plaintiff Zimmerli hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

29. Plaintiff was employed by the Defendant. During this time frame, Plaintiff performed work for Defendant in the position of Single Job Static EMT and/or Paramedic.

30. Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other individuals who had the same job duties and compensation structure as Plaintiff (the collective class).

31. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Single Job Static EMTs/Paramedics within three years from the commencement of this action who have not been properly paid straight time for all hours worked and overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

32. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the collective class because the claims of Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

33. Plaintiff and the collective class are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to properly pay straight time and overtime in violation of the FLSA.

34. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via email, First Class Mail, posting at the workplace and/or by the use of

techniques and a form of notice similar to those customarily used in representative actions.

35. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

37. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

38. The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

39. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

40. In order to avoid paying overtime, Defendant developed an unlawful scheme to avoid overtime by artificially lowering Plaintiff and the collective class's rate of pay. Such schemes violate the FLSA. 29 C.F.R. §§778.500-778.501.

41. Plaintiff, and the putative members of the FLSA representative action, are entitled to be paid overtime compensation for all overtime hours worked based on their actual regular rate of pay, not upon an artificial rate intended to circumvent the FLSA.

42. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay to its Single Job Static EMTs and/or Paramedics straight time for all hours

worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

43. Defendant's failure to compensate Plaintiff, and all others similarly situated, straight time for all hours worked and overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

44. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its EMTs and/or Paramedics under the same unlawful policies and procedures that are set forth in detail herein.

45. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. The Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid straight time and overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## COUNT II

**Fair Labor Standards Act – Misclassification of Dual Job EMT / Paramedics**

**(Plaintiff Dietrick and Fire Medics)**

47. As far as the factual allegations set forth above are applicable to the claims made in Count II, Plaintiff Dietrick hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

48. Plaintiff Dietrick was employed by the Defendant. During this time frame, Plaintiff performed work for Defendant in the positions of dual Job EMT and/or Paramedic ("Fire Medic").

49. Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other individuals who had the same job duties and compensation structure as Plaintiff (the collective class).

50. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Fire Medics within three years from the commencement of this action who have not been paid straight time for all hours worked and overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

51. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the collective class because the claims of Plaintiff are similar to the claims of the collective class.

52. Plaintiff and the collective class are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay straight time and overtime in violation of the FLSA.

53. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via email, First Class Mail, posting at the workplace and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

54. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

55. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

56. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

57. The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

58. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

59. Defendant attempted to invoke § 207(k) by providing dual training to these individuals in order to invoke the partial exemption from overtime. But in reality, the Fire Medics do not have a primary job duty of fire suppression and instead have a nonexempt primary duty. Requiring Fire Medics to perform only occasional or sporadic firefighting shifts does not make the § 207(k) exemption available to Defendant.

60. Further, Defendant cannot invoke the § 207(k) exemption for time spent in the KCFA.

61. Plaintiff, and the putative members of the FLSA representative action, are entitled to be paid overtime compensation for all overtime hours worked.

62. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay to its Fire Medics straight time for all hours worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

63. Defendant's failure to compensate Plaintiff, and all others similarly situated, straight time for all hours worked and overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

64. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its Fire Medics under the same unlawful policies and procedures that are set forth in detail herein.

65. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. The Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid straight time and overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and

expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed putative members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. § 216(b); and

b. Designation of Plaintiffs John Zimmerli and Matt Dietrick as Representative Plaintiffs of the proposed putative members of the FLSA representative action; and

c. An award of damages for overtime compensation due for the Plaintiffs and the putative members of the Class; and

d. An award of liquidated damages, to be paid by Defendant; and

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Notice to the class;

h. A declaration that Defendant has violated the FLSA; and

i. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

14

Respectfully submitted,


**THE HODGSON LAW FIRM, L.L.C.**


By: */s/ Michael Hodgson*
    Michael Hodgson    MO# 63677
    mike@thehodgsonlawfirm.com

3699 SW PRYOR ROAD,
Lee's Summit, MO 64082
Tel: (816) 600-0117
Fax: (816)600-0137
www.thehodgsonlawfirm.com


**WILLIAMS DIRKS DAMERON LLC**

Eric L. Dirks, MO State Bar No. 54921
Email: dirks@williamsdirks.com
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 876-2600
Facsimile: (816) 221-8763


ATTORNEYS FOR PLAINTIFF